Filed 7/14/25  P. v. Choi CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B337953 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24JCF00389) |
| v. | |
| ERNEST CHOI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Natalie Stone, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On March 14, 2024 Ernest Choi pleaded no contest to stalking.  The trial court sentenced him to six years in prison, and Choi appealed.

We appointed counsel to represent Choi on appeal.  Counsel reviewed the record and did not identify any arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436.)  Nor, after reviewing the record independently, have we.  Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Choi dated Jessica C. from 2005 to 2009.  In January 2021 he began contacting her again, as well as her significant other. On May 21, 2023 Jessica received a phone call from an unknown number.  Jessica did not answer it.  Choi left Jessica two voice messages and sent her several text messages that included sexual references.  One of the text messages quoted a song titled "Assassin" and stated, "She did, I'm ready to kill your ass too. She is you in the song.  Can you come over please and that's an order."

The People charged Choi with two counts of stalking with three prior convictions for stalking (Pen. Code, § 646.9, subd. (a))[1] and one count of making a criminal threat (§ 422, subd. (a)).  The trial court granted Choi's request to represent himself, and Choi filed a motion seeking "to reduce the felony charges to misdemeanors."  Choi also filed a petition for writ of habeas corpus, arguing that sections 422 and 646.9 were "void for vagueness."

Before the trial court ruled on the motion or the petition, however, Choi pleaded no contest on March 14, 2024 to one count of stalking and admitted he had a prior conviction for a serious or

[1]    Choi had prior convictions for stalking in 2013, 2016 and 2021.  Statutory references are to the Penal Code.

2

violent felony within the meaning of the three strikes law.  The trial court sentenced Choi to the middle term of three years, doubled under the three strikes law, and dismissed the remaining counts.  The trial court (a different judge) subsequently denied Choi's petition for writ of habeas corpus because it "did not challenge the legality of his detention or the conditions of his confinement" and because Choi  had been convicted on his plea and sentenced.

In May 2024 Choi filed a motion to withdraw his plea.  Choi alleged he "was an unrepresented  . . . inmate who mistakenly relied on district attorney['s] . . . information concerning stalking being a crime where prison was the only punishment.  Being that defendant was also under duress and ignorance of other remedies such as mental health diversion, defendant unknowingly made a no contest plea that he prays the court allow him to withdraw."  Before the court could rule on Choi's motion to withdraw his plea agreement, however, Choi filed a notice of appeal from the March 14, 2024 judgment of conviction on his plea.  The trial court denied Choi's request for certificate of probable cause.[2]

---

[2]  After filing his notice of appeal, Choi filed a motion to amend the abstract of judgment.  Choi claimed he was convicted under section 646.9, subdivision (c), not section 646.9, subdivision (a).  Choi argued that the trial court should have sentenced him to a prison term of three years, not six, and that the record did not indicate the court doubled the three-year term to six years under the three strikes law.  As discussed, the record indicates the trial court did exactly that.

## DISCUSSION

We appointed counsel to represent Choi in this appeal. After reviewing the record, counsel filed a brief raising no issues. Counsel advised Choi on April 10, 2025 that he could personally submit any contentions or issues he wanted the court to consider. Counsel also sent Choi the transcripts of the record on appeal and a copy of the appellate brief. On April 11, 2025 this court also sent Choi notice that, "[w]ithin 30 days of this notice, appellant may submit a supplemental brief stating any grounds for an appeal, or contention, or arguments which appellant wishes this court to consider." We did not receive a response from Choi.

We have examined the record and are satisfied that appellate counsel for Choi has complied with his responsibilities and that there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

MARTINEZ, P. J.          FEUER, J.

4